IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CALVIN WAYNE HOBBS,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

8:25CV358

MEMORANDUM
AND ORDER

Plaintiff Calvin Wayne Hobbs ("Hobbs") has worked as an auto technician, mechanic helper, retail salesperson, and dishwasher. In the past few years, he has struggled with physical and mental issues that impact his ability to work. On February 10, 2021, he protectively applied for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*., and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* He alleges a disability-onset date of February 1, 2021. When his claims were initially denied, Hobbs appealed to the Appeals Council, which remanded his case for further proceedings.

On January 18, 2024, an administrative law judge ("ALJ") held a telephonic hearing at which Hobbs and Douglas Prutting ("Prutting"), an impartial vocational expert, both testified. Hobbs described the physical and mental impairments that he asserts prevent him from working. Prutting evaluated Hobbs's past work and provided insight into his ability to find and perform other available work.

After thoroughly analyzing the record and applying the requisite "five-step process to determine whether" Hobbs "is disabled," *Montgomery v. O'Malley*, 122 F.4th 1059, 1063 (8th Cir. 2024); *see generally* 20 C.F.R. §§ 404.1520(a), 416.920(a), the ALJ concluded he wasn't (Filing No. 8-2). As pertinent here, at step four, the ALJ found Hobbs

has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he is able to occasionally perform all postural activities (i.e., climb, balance, stoop, kneel, crouch, crawl); frequently reach, handle, finger, and feel with his right upper extremity; should avoid concentrated exposure to cold, heat, wetness, and humidity; and should avoid even moderate exposure to vibration and hazards. In addition, the claimant is able to perform simple, routine tasks.

That RFC determination was based in part on an opinion from Mark Nelson, Ed.D. ("Dr. Nelson"), a consultative psychological examiner who evaluated Hobbs on November 29, 2021. As recounted by the ALJ, Dr. Nelson opined that Hobbs "is able to focus and concentrate, but his ability to sustain attention was below average. He said [Hobbs] is able to understand and remember short and simple instructions, carry out short and simple instructions under ordinary supervision, relate appropriately with co-workers and supervisors, and adapt to changes in his environment." (Filing No. 8-2) (internal citations omitted.)

The ALJ found that opinion "persuasive." She noted it not only "matches [Dr. Nelson's] clinical observations" but is also consistent with "the occasional references to [Hobbs] being a poor historian, responding slowly, and having low-average estimated intelligence." Given Hobbs's "normal/intact/good psychiatric and cognitive functioning during appointments" with providers and his ability "to perform a wide range of activities," the ALJ concluded that "greater limitations are not supported."

Based on Hobbs's "age, education, work experience," and RFC and Prutting's responses to the ALJ's hypotheticals, the ALJ concluded at step five that "there are jobs that exist in significant numbers in the national economy that [Hobbs] can perform." *See* 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, and 416.969a. She then denied his claims. Hobbs appealed, and the Appeals Council denied review, making the ALJ's decision the final decision in his case. *See*, *e.g.*, *Cropper v. Dudek*, 136 F.4th 809, 811 (8th Cir. 2025).

Hobbs now seeks judicial review of that decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (noting § 405(g) authorizes a claimant who has unsuccessfully completed the administrative-review process to seek judicial review of the Commissioner's final decision in federal court). Before the Court are (1) Hobbs's Motion for Order Reversing Decision of the Commissioner (Filing No. 10) and (2) Commissioner of Social Security Frank Bisignano's ("Commissioner") Motion to Affirm Commissioner's Decision (Filing No. 18). Hobbs asks the Court to reverse and remand "for an award of benefits, or, in the alternative for further administrative proceedings." The Commissioner opposes any relief but concurs with Hobbs's "statement of material facts" and his "description of the proceedings and disposition at the administrative level."

Hobbs presents two grounds for relief. First, he contends reversal and remand is necessary "because the ALJ failed to either adopt or reject and explain her" apparent rejection of Dr. Nelson's limitation to "short and simple instructions" despite finding his opinion "persuasive." *See*, *e.g.*, 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.1520c(b); 20 C.F.R. § 404.1545(e); *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, Social Security Ruling 96-8P (S.S.A. July 2, 1996). According to Hobbs, the ALJ's failure to "recognize the distinction between short and simple instructions/tasks" and include that entire limitation in Hobbs's RFC creates an apparent conflict with Prutting's vocational testimony because all of the occupations identified at the hearing "were reasoning level 2 or higher"—jobs "Hobbs could not have performed . . . if he were limited to short and simple instructions." *See Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558-60 (8th Cir. 2018) (reiterating "that before an ALJ can rely on a vocational expert's testimony that appears to conflict with a Dictionary [of Occupational Titles] listing, the ALJ must identify and resolve the conflict"); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) ("When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence."). In short, Hobbs argues that the ALJ's omission of a work-preclusive limitation that she

3

found persuasive "from her RFC . . . and her hypothetical question to the vocational expert" requires a "remand for further proceedings, if not an immediate award of benefits."

Second, Hobbs contends "remand is required because the ALJ failed to consider the impact of [his] frequent and repeated surgeries and medical procedures on his ability to work on a regular and sustained basis." *See*, *e.g.*, 42 U.S.C. § 423(d)(1)(A); *Baker v. Apfel*, 159 F.3d 1140, 1146 (8th Cir. 1998); SSR 96-8P. In Hobbs's view, "[t]he record reflects that during the relevant period there is no question he would have sustained a much greater number of absences due to medical treatment than the 9 absences the [vocational expert] confirmed would preclude competitive employment." He criticizes the ALJ for not making that finding.

The Court has some doubts about Hobbs's second ground, but it need not resolve them because it finds some merit to the first.[1] To be clear, the Court does not find a litany of faults in the ALJ's thorough analysis and is not persuaded that "an immediate award of benefits is" warranted—let alone required—in these circumstances.

But the Court does agree with Hobbs that there is room for further clarification. *See* 42 U.S.C. § 405(b)(1) (requiring an ALJ to discuss the evidence, state her decision, and give the "reasons upon which it is based"); *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019) (concluding an ALJ's explanation for her decision is sufficient if the path of her "reasoning is clear enough to allow for appropriate judicial review"). *But see Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021) (explaining an "ALJ's brevity is not reversible error").

In his reply, Hobbs acknowledges that the ALJ "could have rejected part of" Dr. Nelson's opinions and concluded "that the record supported a finding that [he] was limited to 'simple' instructions but not to 'short instructions.'" He is frustrated that she did

---

[1]Of course, that does not prevent Hobbs from raising the issue on remand or the ALJ from addressing it.

"not explain why she" omitted the limitation regarding "short" instructions, ostensibly leaving "an resolved conflict as to whether he could perform any of the occupations" the ALJ cited. *See Ross v. O'Malley*, 92 F.4th 775, 781 (8th Cir. 2024) (explaining "[a] hypothetical is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ" even if it "does not include all the health limitations *alleged* by the claimant." (first quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001), then quoting *Kraus v. Saul*, 988 F.3d 1019, 1027 (8th Cir. 2021) (emphasis in original))).

Although the ALJ mostly met her obligation to explain the reasons for her decision in this case, Hobbs credibly argues she left some uncertainty about her treatment of Dr. Nelson's opinion and its potential impact on the pivotal vocational analysis. *See Stanton*, 899 F.3d at 559-60; *Thomas v. Berryhill*, 881 F.3d 672, 678 (8th Cir. 2018); SSR 96-8P. Seeing harmony rather than uncertainty in the ALJ's analysis of Dr. Nelson's opinion, the Commissioner never meaningfully addresses Hobbs's claim of an unresolved conflict. The Commissioner's various observations to the effect that "the ALJ was not required to adopt verbatim Dr. Nelson's opinion nor conduct a line-by-line assessment of every finding in his opinion" are largely beside the point.

In light of the uncertainty Hobbs's identifies and the prospect of an unresolved conflict, the Court finds good reason to remand this case for further proceedings to give the ALJ an opportunity to remove any lingering uncertainty and further explain the reasons for her decision. *Cf. Thomas*, 881 F.3d at 678; *Smith v. Comm'r, Soc. Sec. Admin.*, 738 F. App'x 889, 892 (8th Cir. 2018) (unpub. per curiam) (remanding to allow "the ALJ to more fully explain" his decision). On remand, the ALJ can decide whether additional testimony from a vocational expert is necessary to fully and fairly resolve these issues. *See, e.g., Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) ("Unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a vocational expert will be unable to accurately assess whether jobs do exist for the claimant." (quoting

5

*Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994))).  At this point, the Court also expresses no opinion on the merits of Hobbs's claims under the Act.  *See Ross*, 92 F.4th at 778 (describing the standard of review on the merits).

For the foregoing reasons,

IT IS ORDERED:

1.    Plaintiff Calvin Wayne Hobbs's Motion for Order Reversing Decision of the Commissioner (Filing No. 10) is granted in part and denied in part.

2.    Commissioner of Social Security Frank Bisignano's Motion to Affirm the Commissioner's Decision (Filing No. 18) is denied.

3.    The Commissioner's final decision denying Hobbs's claims is reversed, and this case is remanded for further administrative proceedings.

4.    A separate judgment will issue.

Dated this 8th day of May 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

6