IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN WAYNE HOBBS, | |
| Plaintiff, | **8:25CV358** |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | **MEMORANDUM AND ORDER** |
| Defendant. | |

On May 8, 2026, the Court reversed (Filing No. 21) Commissioner of Social Security Frank Bisignano's (the "Commissioner") denial of plaintiff Calvin Wayne Hobbs's ("Hobbs") claims for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*  The Court then remanded this case for further administrative proceedings.  *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297-99 (1993).

Now before the Court is Hobbs's Unopposed Motion for Attorney's Fees (Filing No. 23) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Section 2412(d)(1)(A) authorizes the Court to award "fees and other expenses" to a prevailing party in a civil action "brought by or against the United States," unless the Court determines the government's position was "substantially justified or that special circumstances make an award unjust."  Hobbs contends the Commissioner cannot show his position was substantially justified "given the legal errors" the Court identified in the Commissioner's final decision.  *See id.* § 2412(d)(1), (2).

Hobbs's counsel reports he "expended 43.9 hours representing" Hobbs at a rate of $245 per hour.  *See id.* § 2412(d)(2)(A) (providing for a fee award in excess of $125 per hour if warranted by an increase in the cost of living); *see also Johnson v. Sullivan*, 919

F.2d 503, 504 (8th Cir. 1990) (concluding that "the Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award). According to counsel, though he "believes that every single hour" he expended was "reasonable and necessary" to achieve a favorable result for Hobbs, he has conferred with the Commissioner's counsel "and reached an EAJA settlement." *See* 28 U.S.C. § 2412(d)(1), (2). In accordance with that settlement, Hobbs requests $9,000 in attorney fees and $505 in costs. Hobbs acknowledges that any award is payable to him but may be subject to offset under *Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010).

Having carefully reviewed Hobbs's motion and supporting materials, the Court finds he is a prevailing party entitled to an EAJA award of $9,000 in attorney fees and $505 in costs to be paid by the Social Security Administration. Hobbs has satisfied the statutory requirements under the EAJA, *see* 28 U.S.C. § 2412(a), (d)(1)(A), and his attorney-fee request is timely,[1] reasonable, and adequately supported. Accordingly,

IT IS ORDERED:

1.  Plaintiff Calvin Wayne Hobbs's Unopposed Motion for Attorney's Fees (Filing No. 23) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted.

2.  Hobbs is awarded $9,000 in attorney fees and $505 in costs.

3.  The Social Security Administration shall make the award payable to Hobbs and deliver the payment less any applicable offset to the Law Offices of Chermol & Fishman, LLC.

4.  A separate judgment will issue.

---

[1]A prevailing party requesting an EAJA fee award based on a remand under sentence four of 42 U.S.C. § 405(g) must apply no later than thirty days after the judgment has been entered and the appeal period has run such that the judgment is no longer appealable. *See Pottsmith v. Barnhart*, 306 F.3d 526, 527-28 (8th Cir. 2002); *see also Shalala*, 509 U.S. at 302; *Melkonyan v. Sullivan*, 501 U.S. 89, 94-97 (1991).

Dated this 15th day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge